

**JD**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATSY R. WHETSELL, | ) | **10 - 40** |
| | ) | **FILED** |
| Plaintiff | ) | AUG 1 3 2010 |
| | ) | |
| v. | ) | **Case No.:** MICHAEL E. KUNZ, Clerk |
| | ) | By_____Dep. Clerk |
| NCO FINANCIAL SYSTEMS, INC., | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| Defendant | ) | |
| | | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

PATSY R. WHETSELL ("Plaintiff"), by her attorneys, KIMMEL &
SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS,
INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d),
which states that such actions may be brought and heard before "any appropriate
United States district court without regard to the amount in controversy," and 28
U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising
under the laws of the United States.

PLAINTIFF'S COMPLAINT

3. Defendant conducts business in the Commonwealth Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Tennessee, with a mailing address of 3420 Burwood Rd., Knoxville, TN 37921.

7. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and repeatedly contacted Plaintiff when seeking to collect a consumer debt from a different individual.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with

PLAINTIFF'S COMPLAINT

the collection of debts by third parties. <u>See</u> 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal

PLAINTIFF'S COMPLAINT

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

14.  Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.  Defendant and others it retained began in May of 2009 constantly and continuously placing harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt that Plaintiff is entirely unfamiliar with.

16.  Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions which were primarily for personal, family, or household purposes.

17.  Defendant and others it retained have repeatedly placed calls to Plaintiff's home telephone, demanding to speak with "Courtney or William".

18.  Plaintiff has, during every call, informed Defendant that she is not, and does not know, Courtney or William.

19.  Plaintiff instructed Defendant numerous times not to contact her any further.

PLAINTIFF'S COMPLAINT

20.    Nevertheless, Defendant continues to call, convinced that Plaintiff is Courtney and referred to Plaintiff as a liar.

21.    Defendant has never sent Plaintiff anything in writing and has never validated the debt.

22.    For well over a year now, extending well into 2010, Defendant has continued to place harassing and invasive calls to Plaintiff's home telephone, demanding payment for a debt she does not owe and knows nothing about.

23.    The repetitive calls to Plaintiff are disturbing, harassing, an invasion of privacy, and entirely unnecessary.

24.    As Defendant has no reasonable belief in Plaintiff owing any debt to Defendant or its client, if any, Plaintiff avers that Defendant's conduct is deceptive as well as potentially extortive, in that Defendant seeks payment of a debt not owed, before it will stop calling.

25.    Moreover, Defendant's actions and means are/were misleading.

## CONSTRUCTION OF APPLICABLE LAW

26.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2nd Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2nd Cir. 1993).

27.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235

- 5 -

(W.D. Wash. 2006).   The remedial nature of the FDCPA requires that courts interpret it liberally.   Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).   "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

28.   The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.   See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).   The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id.   The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

29.   In its actions and methods in attempting to collect Brock's debt, Defendant violated the following aspects of the FDCPA:

    a. Defendant, in communicating with Plaintiff for the purpose of acquiring location information about the consumer, stated that said consumer owes a debt, in violation of 15 U.S.C. §1692b(2);

- 6 -

b. Defendant, despite being requested to stop, communicated with Plaintiff more then once in an effort to acquire location information about the consumer, in violation of 15 U.S.C. §1692b(3);

c. Communicating with Plaintiff about a debt allegedly owed by another individual, in violation of 15 U.S.C. §1692c(b);

d. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. §1692d.

e. Causing the telephone to ring and engaging Plaintiff in telephone conversation repeatedly and continuously with intent to annoy, abuse, or harass, in violation of 15 U.S.C. § 1692d(5);

f. Using false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. §1692e;

g. The use of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

30.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

**WHEREFORE**, Plaintiff, PATSY R. WHETSELL, respectfully prays for a judgment as follows:

a.    Declaratory judgment that Defendant's conduct violated the FDCPA;

b.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

PLAINTIFF'S COMPLAINT

c.    Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

e.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

DATED: August 12, 2010         KIMMEL & SILVERMAN, P.C..

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

- 8 -

PLAINTIFF'S COMPLAINT